UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Sadiq Alnabi,

      Plaintiff,

v.

Alberto Gonzales, Attorney General of the
United States, Robert Mueller, Director,
Federal Bureau of Investigation, Michael
Chertoff, Secretary of Homeland Security,
Emilio T. Gonzales, Director, Citizenship
& Immigration Services, Denise Fraizer,
Director, St. Paul District, Citizenship &
Immigration Services,

      Defendants.

_____

Civil No.: 06-1721 (DSD/JJG)

**REPORT & RECOMMENDATION**

**APPEARANCES**

David Wilson for Plaintiff

Mary Madigan for Defendants
_____

JEANNE J. GRAHAM, United States Magistrate Judge

      The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on September 21, 2006, on Defendants' Motion to Remand Or, Alternatively, to Dismiss (Doc. No. 4). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. Based upon a review of the file, record and proceedings herein, and for the reasons stated below, the undersigned recommends a remand of the naturalization application

of Plaintiff Sadiq Alnabi to the United States Citizenship and Immigration Service with the instructions as set forth herein.

## I.     BACKGROUND

Plaintiff, Sadiq Alnabi, is a native and citizen of Iraq. Mr. Alnabi has lived in the United States since 1992, has been a lawful permanent resident of the United States since 1993, and has lived in Minnesota since 1997. In August 2001, Mr. Alnabi filed a Form N-400, Application for Naturalization, with the United States Citizenship and Immigration Services ("USCIS").[1] On August 4, 2003, Mr. Alnabi appeared for examination on his N-400 at a the USCIS office in Bloomington, Minnesota. Shortly before the interview, USCIS initiated an Interagency Border Inspection System ("IBIS") background check on Mr. Alnabi. Subsequently, Mr. Alnabi cleared all of the required background checks,[2] including an IBIS check, and on September 8, 2005, he was recommended for naturalization.

---

[1] USCIS is a successor agency of the Immigration and Naturalization Service, which was abolished in 2002 with the creation of the Department of Homeland Security. See 6 U.S.C. §§ 271, 291.

[2] When an alien applies for naturalization, the United States Citizenship and Immigration Services conducts several types of security checks to ensure that the alien is eligible for the immigration benefit and is not a risk to national security or public safety. In addition to records checks against the Department of Homeland Security's own immigration systems, these background checks include (a) a Federal Bureau of Investigation fingerprint check for relevant criminal history records; (b) a check against the Department of Homeland Security-managed Interagency Border Inspection System, which contains records and "watch-list" information from numerous federal law enforcement and intelligence agencies. IBIS includes, but is not limited to, information related to persons who are wanted or under investigation for serious crimes or suspected of terrorism-related activity; and (c) an FBI name check, which runs the alien's name against investigative databases of the FBI containing information that is not necessarily revealed by the FBI's fingerprint check or IBIS. *See* Defendants' Memorandum in Support at 4.

Prior to being notified of his placement in an Oath Ceremony, Mr. Alnabi appeared at the USCIS Information Section on October 13, 2005, to request temporary evidence of lawful permanent residence based on a separate application (Form I-90) Mr. Alnabi had filed seeking a new lawful permanent resident card. Mr. Alnabi's requests related to his desire to travel to Iraq to participate in the 2005 national elections taking place there, and his uncertainty over whether he would be assigned to an Oath Ceremony prior to he scheduled departure date. As part of the Form I-90 application process, a new IBIS check was initiated pursuant to policy, and it remains pending at the time of this writing. During the pendency of this new IBIS check, the validity of the original IBIS check associated with Mr. Alnabi's N-400 application expired.[3] USCIS initiated a new IBIS check for Mr. Alnabi on April 5, 2006. This IBIS check is currently pending. Mr. Alnabi received his replacement permanent residency card on or about July 13, 2006.

Mr. Alnabi initiated this action on May 8, 2006, seeking an immediate hearing on his application for naturalization or alternatively for a writ of mandamus or declaratory judgment compelling the Defendants to adjudicate his application for naturalization immediately. Defendants now move this Court to dismiss Plaintiff's action, or, in the alternative, remand Plaintiff's petition to the USCIS for expeditious processing of Mr. Alnabi's naturalization application as soon as all required background checks are complete. At oral argument, the parties indicated their agreement that remand was the appropriate resolution of the instant

---

[3]According to the Declaration of Luis Borges, Supervisory District Adjudications Officer, United States Citizenship and Immigration Services, St. Paul Office, clearance of an IBIS background check on an application currently expires after six months. However, prior to April 26, 2006, the expiration occurred after three months. *See* Memorandum in Support, Borges Decl. at 14.

motion. The parties dispute now centers on the substance of the instructions to USCIS that should accompanying the Court's remand order.

## II.   DISCUSSION

The Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). A district court has jurisdiction over naturalization applications in only two contexts. First, if an application has been denied, an applicant may seek a de novo review of the denial in district court, but only "after a hearing before an immigration officer under section 1447(a)." 8 U.S.C. § 1421(c). Second, an applicant may apply to a district court for a hearing if USCIS fails to make a determination on their application "before the end of the 120-day period after the date on which the examination is conducted." 8 U.S .C. § 1447(b). The district court then has jurisdiction over the application to either "determine the matter or remand the matter, with appropriate instructions, to the Service." *Id.*

This Court has jurisdiction to either determine or remand Mr. Alnabi's naturalization application because more than 120 days have passed since Mr. Alnabi's examination was conducted on August 4, 2003. *See* 8 U.S .C. § 1447(b). The parties are in agreement that because Mr. Alnabi's IBIS background check remains pending, this matter should be remanded to the USCIS rather than fully adjudicated on the merits by this Court. The Court agrees. A court cannot adjudicate a naturalization application until the background check is complete. *Essa v. U.S. Citizenship and Immigration Services*, No.CIV 051449, 2005 WL 3440827, *2 (D.Minn. December 14, 2005*)* (J. Doty). In addition, "judicial deference to the Executive Branch is especially appropriate in the immigration context." *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) (citations omitted). Numerous federal district courts, including this one, have determined that remand is appropriate when a naturalization applicant seeks district court intervention pursuant to §

1447(b) but the applicant's background check process is incomplete. *See e.g., Essa*, 2005 WL 3440827, *2 ; *El-Daour v. Chertoff,* No. Civ. A. 4-1911, 2005 WL 2106572 (W.D.Pa. Aug. 26, 2005); *Danilov v. Aguirre,* 370 F.Supp.2d 441 (E.D.Va.2005); *Sweilem v. United States Citizenship and Immigration Servs.,* No. 1:05CV125, 2005 WL 1123582 (N.D.Ohio, May 10, 2005). As was stated in both *Essa* and *El-Daour*, the criminal background check is a vital piece of information and absent such information the court system is simply not equipped with the resources necessary to ensure a thorough investigation prior to the giving of the naturalization oath. *See* 2005 WL 3440827 at *2; 2005 WL 2106572 at *4-5.

Plaintiff requests that the Court remand this matter with specific instructions that direct USCIS to complete Plaintiff's application for naturalization within no more than sixty days of the date of the Court's Order. Defendants seek an order that directs the "prompt resolution" of Plaintiff's application, but refrains from setting any specific deadlines to allow adequate time for the on-going background process to be completed.

Certainly, the Court acknowledges Mr. Alnabi's frustration over the delays in the completion of his naturalization application process, as well as his anxiousness to complete the process so he can fully enjoy the benefits of United States citizenship. However, the Court is also cognizant of the burdens under which the USCIS operates in light of today's national security concerns and the enormous number of immigration benefit requests USCIS receives and processes on an on-going basis. Consequently, the Court concludes Plaintiff's request for a sixty-day completion deadline is unreasonable.

On the other hand, Mr. Alnabi's application for naturalization has been pending for over sixty months, a prolonged duration under any circumstances. The Court concludes that unfettered leave to

continue the processing of Mr. Alnabi's naturalization application is unwarranted under the particular circumstances of this case. Accordingly, the Court concludes a time limit of 150 days for completion of Plaintiff's application on remand constitutes "appropriate instructions" in this matter pursuant to 8 U.S.C. § 1447(b). Plaintiff's IBIS background check was completed with successful results just over a year ago. Through the occurrence of intervening events instigated by both Mr. Alnabi and USCIS, the validity of the cleared check expired before Mr. Alnabi could be provided a place in an Oath Ceremony. Under these circumstances, the Court concludes it is not unreasonable to expect that a reiteration of the IBIS background check that commenced on April 5, 2006, could be completed by USCIS within a ten-month time period, and that Mr. Alnabi's application could then considered for final determination and completed.

### III.   CONCLUSION

Having heard the arguments of counsel, and having reviewed the motions, memoranda, affidavits and the entire file and record herein, **IT IS HEREBY RECOMMENDED** that:

(1) Defendants' Motion to Remand Or, Alternatively, to Dismiss (Doc. No. 4) be **GRANTED IN PART and DENIED IN PART**, and pursuant to 8 U.S.C. § 1447(b), the Plaintiff's Petition for Hearing on Naturalization Application be **REMANDED** to the United States Citizenship and Immigration Service with the instructions that USCIS issue a determination on Plaintiff's naturalization application within 150 days of the date of the District Judge's Order;

(2) Defendants be ordered to show cause to this Court for any failure to comply with the substance of the Court's Order and to do so within 30 days of the expiration of the 150-day deadline set forth herein; and

(3) Plaintiff's claim for mandamus be stayed during the pendency of USCIS's compliance with the substance of the Court's Order.

Dated: September 26, 2006

s/ Jeanne J. Graham
Jeanne J. Graham
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 13, 2006.** A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.